UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| VERMONT RIGHT TO LIFE COMMITTEE, INC. and VERMONT RIGHT TO LIFE COMMITTEE FUND FOR INDEPENDENT POLITICAL EXPENDITURES,<br>        Plaintiffs,<br><br>v.<br><br>WILLIAM H. SORRELL, in his official capacity as Vermont Attorney General; ERICA MARTHAGE, T.J. DONOVAN, VINCENT ILLUZZI, JAMES HUGHES, DAVID MILLER, JOEL PAGE, WILLIAM PORTER, ALAN FRANKLIN, THOMAS KELLY, TRACY SHRIVER, ROBERT SAND, LISA WARREN, MARC D. BRIERRE, and DAVID R. FENSTER in their official capacities as Vermont State's Attorneys; and JAMES C. CONDOS, in his official capacity as Vermont Secretary of State,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:09-cv-188 |

NOTICE OF SUPPLEMENTAL AUTHORITY

Subsequent to the completion of briefing on the cross-motions for summary judgment filed by the State of Vermont and Plaintiffs Vermont Right to Life Committee and Vermont Right to Life Committee – Fund for Independent Expenditures, the Second Circuit Court of Appeals issued a decision in *Ognibene v. Parkes*, No. 09-0994-cv, 2011 WL 6382451 (2d Cir. Dec. 21, 2011), which bears on a number of issues addressed in the State's memoranda.

First, *Ognibene* starts with the premise that: "The judiciary owes special deference to legislative determinations regarding campaign contribution

restrictions." *Id*. at *5. The court holds that limits and bans on contributions are "more leniently reviewed" than restrictions on expenditures "because they pose only indirect constraints on speech and associational rights." *Id*. Strict scrutiny does not apply to them. Instead, the test is whether "they are closely drawn to support a sufficiently important state interest." *Id*. The court explains that *Citizens United* does not change the standard under which contributions are evaluated. *Id*. at *6. *Ognibene*'s discussion of the level of scrutiny supports the arguments in the State's Memorandum in Support of Summary Judgment (Doc. 168-1) at 51-52.

Second, the court recognizes that the governmental interest in preventing corruption and the appearance of corruption is not limited to *quid pro quo* corruption.[1] *Ognibene*, 2011 WL 6382451 at *8. "[I]mproper or undue influence presumably still qualifies as a form of corruption," and it encompasses "both traditional *quid pro quo* and more discreet exchanges of money for favorable outcomes." *Id*. Moreover, a legislative body is not required to have evidence of actual scandals involving campaign money before it may regulate. *Id*. at *10. Thus the court upheld the City of New York's provisions preventing the appearance of corruption as a legitimate governmental interest beyond curbing corruption itself. *Id*. at *8. This interpretation of the scope of governmental interests involving corruption supports the State's arguments in Defs.' Mem. of Law in Support of Mot.

---

[1] "Appellants twist *Buckley* so that it is only applicable to *quid pro quo* corruption. But *quid pro quo* is already covered by bribery laws. Instead, *Buckley* expressly approves restrictions on campaign contributions to facilitate the prevention of all actual and apparent corruption." *Ognibene*, 2011 WL 6382451 at n.10.

for Summ. J. at 70-71 and in Defs.' Mem. in Oppos. to Pls. Mot. for Summ. J. at 33-35 (Doc. 170).

Third, the court confirms the validity of the anti-circumvention interest. *Ognibene* upholds a ban on entity contributions because of the potential for them to be used to circumvent contribution limits. The court holds that "*Citizens United* also does not disturb the validity of the anti-circumvention interest." *Ognibene*, 2011 WL 6382451 at *15-16 & n.21. This supports the State's arguments in Defs.' Mem. of Law in Support of Mot. for Summ. J. at 74-77 and at Defs.' Mem. in Oppos. to Pls. Mot. for Summ. J. at 37-38.

Respectfully submitted, this 11th day of January 2012.

        STATE OF VERMONT

        WILLIAM H. SORRELL
        ATTORNEY GENERAL

By:   /s/ Eve Jacobs-Carnahan
      Eve Jacobs-Carnahan
      Megan J. Shafritz
      Assistant Attorneys General
      Office of the Attorney General
      109 State Street
      Montpelier, VT 05609-1001
      (802) 828-3176
      ejacobs@atg.state.vt.us
      mshafritz@atg.state.vt.us

      Counsel for Defendants William H. Sorrell, David R. Fenster, Erica Marthage, Lisa Warren, T.J. Donovan, Vincent Illuzzi, James Hughes, David Miller, Joel Page, William Porter, Alan Franklin, Marc Brierre, Thomas Kelly, Tracy Shriver, Robert Sand, and James C. Condos

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January 2012, I electronically filed a Notice of Supplemental Authority with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: James Bopp, Jr., Norman C. Smith, Randy Elf, and Joseph A. Vanderhulst.

        STATE OF VERMONT

        WILLIAM H. SORRELL
        ATTORNEY GENERAL

By:   /s/ Eve Jacobs-Carnahan
       Eve Jacobs-Carnahan
       Megan J. Shafritz
       Assistant Attorneys General
       Office of the Attorney General
       109 State Street
       Montpelier, VT 05609-1001
       (802) 828-3176
       ejacobs@atg.state.vt.us
       mshafritz@atg.state.vt.us

       Counsel for Defendants William H. Sorrell, David R. Fenster, Erica Marthage, Lisa Warren, T.J. Donovan, Vincent Illuzzi, James Hughes, David Miller, Joel Page, William Porter, Alan Franklin, Marc Brierre, Thomas Kelly, Tracy Shriver, Robert Sand, and James C. Condos