```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT
```

VERMONT RIGHT TO LIFE          :
COMMITTEE, INC. and VERMONT    :
RIGHT TO LIFE COMMITTEE FUND   :
FOR INDEPENDENT POLITICAL      :
EXPENDITURES,                  :
                               :
            Plaintiffs,        :   Case No. 2:09-cv-188
                               :
WILLIAM SORRELL, in his        :
official capacity as Vermont   :
Attorney General; ERICA        :
MARTHAGE, T.J. DONOVAN,        :
VINCENT ILLUZZI, JAMES         :
HUGHES, DAVID MILLER, JOEL     :
PAGE, WILLIAM PORTER, ALAN     :
FRANKLIN, THOMAS KELLY,        :
TRACY SHRIVER, ROBERT SAND,    :
LISA WARREN, MARC D. BRIERRE,  :
and DAVID FENSTER in their     :
official capacities as         :
Vermont State's Attorneys;     :
and JAMES C. CONDOS, in his    :
official capacity as Vermont   :
Secretary of State,            :
                               :
            Defendants.        :

## OPINION AND ORDER

The Plaintiffs in this case filed suit to bar enforcement of certain provisions of Vermont's campaign finance law.  The Court granted summary judgment to Defendants on all claims, and that ruling was affirmed by the United States Court of Appeals for the Second Circuit.  *Vermont Right to Life Comm. v. Sorrell*, 758 F.3d 118 (2d Cir. 2014).  Defendants subsequently submitted a Bill of Costs in the amount of $3,571.93 for transcripts, copies, and appellate costs.  On September 26, 2014, the Clerk of this Court awarded Defendants costs in that amount.

Plaintiffs now move the Court to review and set aside the bill of costs. By rule, "costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Supreme Court recently noted that Rule 54(d)(1) "codifies a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013). Although an award of costs to the prevailing party is the norm, the Court has discretion to deny costs for cause including "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001); *see also LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("The decision to award costs to a prevailing party under Fed. R. Civ. P. 54(d) rests within the sound discretion of the district court."). The burden is on the losing party to show that costs should not be imposed. *Whitfield*, 241 F.3d at 270.

Plaintiffs submit that taxation of costs is not appropriate because (1) this was a case of public importance; (2) the litigation was protracted; (3) Plaintiffs have limited means; and (4) some of the costs incurred were unnecessary. As to public importance, there is little question that campaign finance has been a focus of significant litigation in recent years, with several cases reaching the United States Supreme Court. *See, e.g., McCutcheon v. Fed. Election Comm'n*, 134 S. Ct. 1434 (2014);

*Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010); *Randall v. Sorrell*, 548 U.S. 230 (2006). In this case, *amici* from around the country reportedly participated in the Second Circuit appeal. The Court thus acknowledges that this litigation, as one of a series of efforts to challenge existing campaign finance laws, presented questions of public importance.

In *Whitfield*, the Second Circuit allowed that the presence of a single factor does not necessarily compel a denial of costs. 241 F.3d at 273 ("There is also widespread agreement among the courts of appeals that indigency *per se* does not preclude an award of costs."); *see also Wright v. Storch, Amini & Munves, PC*, 2014 WL 5781056, at *1 (S.D.N.Y. Nov. 6, 2014) ("None of the [*Whitfield*] factors, in and of themselves, require a court to deny costs."). More recently, the Second Circuit has described the exercise of discretion with respect to costs as "equitable in nature." *Moore v. Cnty. of Delaware*, 586 F.3d 219, 221 (2d Cir. 2009) (internal quotation marks and citation omitted). Here, aside from a question of public importance, the equities do not support departing from the usual rule and denying an award of costs to the prevailing party.

There is no allegation of misconduct by Defendants. Plaintiffs instead contend that the litigation was unnecessarily protracted and complex. Defendants respond that the protracted nature of the case was due, in part, to the dismissal of some

3

Plaintiffs, amendment of the Complaint after the initial summary judgment briefing, and Plaintiffs' failure to comply with discovery requests. Irrespective of the conduct of any one party, this case was not unusually protracted, as final judgment was entered less than three years after the filing of the Complaint. Furthermore, nothing on the docket suggests an unusual level of complexity compared to other cases before this Court. Moreover, both sides were represented by able counsel with experience in campaign finance litigation, thus minimizing the impact of any complexity upon the costs and expenses incurred.

Plaintiffs next claim that they have limited financial resources, contending that an award of approximately $3,500 would represent 15.3% of their net assets for 2009. Defendants respond that Plaintiff Vermont Right to Life Committee's ("VRLC") most recent tax filing shows total revenues of $116,915. Plaintiff's reply memorandum asserts that VRLC's "net assets or fund balances as of September 2014 are $68,023." ECF No. 219 at 8; ECF No. 218-2 at 2 (VRLC IRS Form 990). Under either number, awarding costs of $3,500 would not be inequitable.

Plaintiffs' final argument is that Defendants incurred unnecessary transcript costs. The federal statute governing taxation of costs, 28 U.S.C. § 1920, allows "[f]ees for printed or electronically recorded transcripts necessarily obtained for

use in the case." 28 U.S.C. § 1920(2).  Plaintiffs argue that transcripts for six State witness depositions were unnecessary, as only one was cited in Defendants' dispositive filings.  Those witnesses were deposed by Plaintiffs' counsel, and Defendants respond that it would have been "irresponsible" not to obtain copies.  ECF No. 218 at 8; *see Cleveland v. N. Am. Van Lines, Inc.*, 154 F.R.D. 37, 38 (N.D.N.Y. 1994) (finding that depositions "properly taken within the bounds of discovery [are] necessarily obtained for use in the case").  Defendants also note that Plaintiffs submitted portions of five of those depositions in their opposition to Defendants' motion for summary judgment.  In response to Plaintiffs' objection regarding summary judgment transcripts, Defendants argue that those transcript were necessary for their presentation on appeal.  The Court agrees with Defendants, and finds that awarding costs for all such transcripts was appropriate under 28 U.S.C. § 1920(2).

For the reasons set forth above, Plaintiffs' motion to set aside the bill of costs (ECF No. 214) is **denied**.

Dated at Burlington, in the District of Vermont, this 31st day of March, 2015.

/s/ William K. Sessions III
William K. Sessions
District Court Judge